J-S04041-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THE REDLAND COMPANIES, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JO ROBINSON AND MICHAEL | : | |
| ROBINSON | : | |
| | : | No. 1028 MDA 2020 |
| Appellants | : | |

Appeal from the Judgment Entered September 10, 2020
In the Court of Common Pleas of Cumberland County Civil Division at
No(s):  2018-12423

BEFORE:  OLSON, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED FEBRUARY 25, 2021**

Jo Robinson ("Ms. Robinson") and Michael Robinson (collectively, "the Robinsons") appeal from the Judgment entered against them, and in favor of their landlord, The Redland Companies, LLC ("Redland"), in the amount of $449.00.[1]  We vacate the Judgment entered against the Robinsons, and remand for a recalculation of damages.

The trial court summarized the relevant history underlying the instant appeal as follows:

---

[1] The Robinsons filed their Notice of Appeal prior to the entry of judgment. However, as directed by this Court, the Robinsons filed a Praecipe for Judgment on September 10, 2020.  Accordingly, we may proceed to address the merits of the issues raised on appeal.  ***See*** Pa.R.A.P. 905(a)(5) (providing that "[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry an on the day thereof."

[The Robinsons] reside within a manufactured home community, Silver Springs Country Estates [("SSCE")]. [Redland] assumed ownership and management operations of the SSCE in July 2018. Upon taking ownership of SSCE, [Redland] hand-delivered a welcome letter and new lease to [the Robinsons] in early August 2018. The lease set lot rent at $420.50 per month, but specified that if rent was not paid by the fifth of the month, a $50.00 late fee would be added to the rent. The lease further specified a $10 fee for each pet, and that residents would be responsible for paying water, sewer and trash fees.[FN1] These charges were reflected in an invoice received by [the Robinsons]. The front page of the lease instructed the lessee to sign the lease and return it to the specified address or email address by August 24, 2018, noting that any tenant who failed to do so would be subject to eviction proceedings beginning September 1, 2018. [The Robinsons], to date, have not signed a lease with [Redland] and deny receiving the specified new lease agreement or any additional documents, aside from the monthly invoices.

---

[FN1] … [Redland] also asserted that there is a $10 per car parking fee if the tenant parks more than two cars on the property. [The trial court] did not find this provision located in the lease, but rather[,] in a rental application attached to the lease, and thus, not within the four corners of the contract. [The trial court] did not assess a pet fee[,] because the parties stipulated after [the Robinsons'] case in chief that the rent should be assessed at $492.00 per month.

---

Because [the Robinsons] failed to sign the written lease by September 1, 2018, and failed to pay rent for the month of August 2018, [Redland] initiated eviction proceedings on September 28, 2018[] by posting a Notice to Quit on [the Robinsons'] property and requiring [the Robinsons] to vacate SSCE within 30 days.[FN2] The rent for August 2018 was received by [Redland] on September 7, 2018[;], however, under the lease[,] a $50.00 late fee applied[,] because the rent was received after August 5, 2018. This $50.00 remained unpaid, and each month that it remained unpaid, another late fee of $50.00 accrued.

---

[FN2] … [The Robinsons] contend that they did, in fact, pay rent on time for August 2018, and offered Defendants' Exhibit 5, which

appear to be handwritten "Certificates of Mailing." These certificates are unmetered by the post office and do not have corresponding tracking numbers. [The court has] no way of determining if these "Certificates" correspond to the checks submitted. The most concrete corroboration of rent payment [the court has] are the cashed checks submitted as Defendants' Exhibit 4, which indicate that the [Robinsons'] August 2018 rent payment for $492[.00] was cashed on September 7, 2018, along with the September 2018 rent payment.

---

[Redland] commenced this action on November 5, 2018[,] by filing a [C]omplaint with the Magisterial District Judge [("MDJ")].... [After a hearing, the MDJ] found that [the Robinsons] were liable for $150.00 of rent in arrears.

[The Robinsons] appealed to the Court of Common Pleas on November 29, 2018, and [Redland] filed a Complaint on January 2, 2019, alleging two counts arising from nonpayment of rent[:] Count 1—Breach of Lease Conditions[;] and Count 2—Unjust Enrichment. [The Robinsons] failed to answer the Complaint, and a default judgment was entered on February 6, 2019. [The Robinsons] filed a Petition to Strike and/or Open Default Judgment[,] which was granted in part on April 24, 2019. [The Robinsons] subsequently filed their Answer to the Complaint on February 13, 2019. On June 24, 2019, [Redland] filed a Reply to [the Robinsons'] Defenses, Answer to Counterclaim, and Reply to New Matter....

Trial Court Opinion, 10/1/20, at 1-2 (footnotes in original, some footnotes omitted).

Following a non-jury trial, the trial court entered a verdict against the Robinsons and in favor of Redland. The trial court found that the Robinsons' failure to sign the lease proposed by Redland resulted in a month-to-month tenancy. The trial court further found that the Robinsons had failed to pay the full amount of rent and fees owed to Redland, in the stipulated amount of $492.00 per month, and had failed to pay the rent in arrears in the amount of

$150.00. Thereafter, the Robinsons filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal. On September 10, 2020, Judgment was entered on the record.

The Robinsons present the following issues for our review:

1. Did the trial court err by making the factual finding that [the Robinsons] owed rent in arrears[,] without a basis in competent evidence?

2. Did the trial court err by holding that [the Robinsons'] rent payments[,] timely made into escrow while this matter was pending before the trial court[,] constituted breach of contract for non-payment of rent?

3. Did the trial court err by holding that [the Robinsons] were obligated to pay more into escrow each month[,] than so ordered by the [MDJ,] while their appeal was pending before the Common Pleas Court?

Brief for Appellants at 4.[2]

Our role, in cases arising from nonjury verdicts,

is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law. The findings of fact of the trial judge must be given the same weight and effect on appeal as the verdict of the jury. We consider the evidence in a light most favorable to the verdict winner. We will reverse the trial court only if its findings of fact are not supported by competent evidence in the record or if its findings are premised on an error of law. However, [where] the issue ... concerns a question of law, our scope of review is plenary.

---

[2] The Robinsons combine their second and third claims in the Argument section of their appellate brief. As such, we will address those claims together, *infra*.

> The trial court's conclusions of law on appeal originating from a non-jury trial are not binding on an appellate court because it is the appellate court's duty to determine if the trial court correctly applied the law to the facts of the case.
>
> The trial court, as the finder of fact, is free to believe all, part or none of the evidence presented. Issues of credibility and conflicts in evidence are for the trial court to resolve; this Court is not permitted to reexamine the weight and credibility determination or substitute our judgment for that of the fact finder.

*Gamesa Energy USA, LLC v. Ten Penn Ctr. Assocs., L.P.*, 181 A.3d 1188, 1191-92 (Pa. Super. 2018) (internal citations and quotation marks omitted, brackets in original).

The Robinsons first challenge the trial court's finding that they owed $150.00 in late fees, based upon their late payment of the August 2018 rent. Brief for Appellants at 10. The Robinsons claim that the trial court rendered this finding based solely on the MDJ's assessment of damages. *Id.* at 11. The Robinsons direct our attention to the trial court's calculation of damages, which included the statement, "the rent in arrears, as assessed by the MDJ, in the amount of $150.00[.]" *Id.* According to the Robinsons, the consideration of the MDJ's assessment, in this trial *de novo*, constituted error. *Id.* Redland presented no evidence that the Robinsons owed this amount. *Id.* Further, the Robinsons argue, "[t]he trial court's explicit reliance on the MDJ's prior assessment demonstrates that the court's factual finding was not based on evidence introduced at trial, which is sufficient grounds for this Honorable Court to reverse on this issue." *Id.*

The Robinsons argue that Redland presented no evidence of their late payment of the August 2018 rent, the basis of the $150.00 in fees. *Id.* at 12. According to the Robinsons, the copy of their August rent check, introduced at trial, indicated that it was cleared on September 7, 2018. *Id.* at 15. According to the Robinsons, the trial court improperly used the date of deposit as evidence that "the check was received *no earlier* than the date it was deposited." *Id.* (emphasis in original).

The Robinsons additionally challenge the trial court's reliance on Defendants' Exhibit 3 ("Tenant Statements") as evidence of their late payment of the August 2018 rent. *Id.* at 16. The Robinsons describe "the Tenant Statements" as "a collection of tenant statements provided by [Redland] to [the Robinsons] in 2018." *Id.* Although the Tenant Statements indicate that a late fee was charged, the Robinsons assert that it does not establish the accuracy of that charge. *See id.* at 16-17. Thus, the Robinsons posit, the Tenant Statements do not support a finding that the August 2018 rent payment was untimely tendered, or that they owed $150.00 in late fees. *Id.* at 17.

In further support, the Robinsons point out discrepancies in the Tenant Statements provided to them by Redland. *Id.* at 17. For example, the Robinsons point out that the September Statement indicates that Redland received no payments from the Robinsons on September 1, 2018, while the October Statement, which covered the period from September 1, 2018,

through October 5, 2018, indicates that a $420.00 payment was tendered for the September 2018 rent. *Id.* The Robinsons state that they never presented a check in the amount of $420.00. *Id.* The Statement for September 1, 2018 through November 3, 2018, indicates that Redland received $502.00 on September 1, 2018. *Id.* According to the Robinsons, this Statement also indicated that the Robinsons had a *credit* of $38.50 on September 1, 2018. *Id.* Thus, the Robinsons claim that the Tenant Statements provide no support for the trial court's finding of late payment of the August 2018 rent. *Id.* at 17-18.

The Robinsons finally challenge the trial court's statement, in its Opinion, that the court had not included the $150.00 late fee in its calculation of damages; therefore, the Robinsons suffered no prejudice. *Id.* at 19. The Robinsons argue that, according to the docket sheet, there is a discrepancy between what was paid into escrow, and what was paid out of escrow, in the amount of $150.00. *Id.* The Robinsons argue that these funds remain in escrow. *Id.* Because the trial court's finding remains on the record, the Robinsons claim that they will suffer harm to their credit and reputation. *Id.*

Initially, our review of the record discloses that, in its Complaint, Redland averred a breach of the lease based upon the Robinsons' "failure to timely remit ground rent payments and applicable fees[.]" Complaint, 1/2/19, ¶ 15. Specifically, the Complaint averred that the Robinsons failed to pay rent in August 2018, and remitted only portions of payment for November and

December 2018. *Id.* at ¶¶ 7, 11. The Complaint further averred that the Robinsons failed to pay pet, sewage, parking, water, and trash service fees. *Id.* at ¶¶ 8-9. The Complaint claimed that the Robinsons had failed to pay late fees, at $50.00 per month, for each month that they had failed to remit the initial $50.00 late fee.[3] *Id.* at ¶ 10.

At trial, the parties presented three documents: the proposed lease, the Community Rules for SSCE, and the Application for a Lease (the "Application"). N.T., 6/16/20, at 29. The proposed lease incorporated the Community Rules, but did not incorporate the Application. *Id.* at 29-30. Christina Layman ("Layman"), the on-site manager of SSCE, testified that parking fees were set forth only in the Application, but were not incorporated into the lease. *Id.* at 30. Layman testified that the lease charged a $10 per month fee for each pet. *Id.* at 10. Layman testified that the Robinsons owned pets, but offered no testimony as to how many pets the Robinsons owned. *See id.* Regarding rent, Layman acknowledged that she was not responsible for collecting rent payments. *Id.* at 33. Layman had no knowledge as to whether the Robinsons were current in their payment of rent into escrow. *Id.* at 21-22. Thus, Redland presented no evidence regarding the Robinsons' late payment of the August rent.

---

[3] The initial $50.00 late fee was assessed for late payment of the August 2018 rent.

The Robinsons presented the testimony of Ms. Robinson. Ms. Robinson identified Defendants' Exhibit 3, the Tenant Statements, indicating that "the statement of August is included[.]" *Id.* at 41. According to Ms. Robinson, the August Statement indicated that a total of $492.00 was owed for rent and fees. *Id.* According to Ms. Robinson, she paid the rent and fees due, in the amount of $492.00, in August 2018. *Id.* at 42. Although Ms. Robinson acknowledged that a "late payment fee" of $50.00 was depicted in the Tenant Statements, she did not testify that such charge was accurate. *See id.*

Ms. Robinson identified Defendants' Exhibit 4 as copies of the Robinsons' checks paid to Redland. *Id.* at 43. Ms. Robinson specifically identified a check, dated August 1, 2018, in the amount of $492.00. *Id.* Ms. Robinson testified that the check reflected that it had been deposited on September 7, 2018. *Id.* at 43-44. As the trial court observed in its Opinion, Ms. Robinson presented certificates of mailing for the rent checks. *See* Trial Court Opinion, 10/1/20, at 6 n.1. However, these certificates were not date-stamped by the Post Office. *Id.* Notwithstanding, Ms. Robinson testified that she paid all rent owed to Redland, on time and in full, in 2018. *See* N.T., 6/16/20. At 44. Later in her testimony, Ms. Robinson again confirmed that she paid the rent when it was due. *Id.* at 52.

In its Opinion, the trial court relied on Defendants' Exhibit 3 as evidence of the Robinsons' late payment of the August 2018. *See* Trial Court Opinion at 5. Specifically, the trial court reasoned,

> [the Robinsons'] own Exhibit 3, offered at trial, showed that
> $150.00 in outstanding rent was due to [Redland]. This $150.00
> was based on the late fees that [the Robinsons] accrued over the
> course of September, October and November 2018, for failure to
> pay August 2018 rent on time. … [E]ach month that [the
> Robinsons] did not pay the initial $50.00 late fee, they failed to
> pay the full amount of rent, and another $50.00 accrued. Over
> the course of three months, this equaled to $150.00 of rent in
> arrears owed to [Redland].

*Id.* (footnote omitted). The trial court found that the Robinsons suffered no prejudice, as the $150.000 was not included in its award to Redland. *Id.* at 6.

Our review of the record discloses that the trial court's finding of a late August 2018 rent payment, by the Robinsons, is not supported by any evidence of record. As set forth above, Exhibit 3 indicates that a late rent fee of $50.00 was *charged* to the Robinsons. *See* Defendants' Exhibit 3. However, there is no evidence that the fee was properly assessed or accurate. Further, Ms. Robinson expressly testified that she paid the rent when it was due. *See* N.T., 6/16/20, at 52. Redland, who claimed late payment of the August 2018 rent, presented no evidence to support this claim.

The trial court's finding that the Robinsons suffered no prejudice also lacks support. As the Robinsons indicated, the $150.00 in dispute is still held in escrow. As such, we must vacate the judgment entered by the trial court. As we will discuss *infra*, those fees should not be included in a recalculation of damages awarded to Redland, as they are not supported by evidence of record.

- 10 -

In their second claim, the Robinsons argue that the trial court erred in finding them in breach of the Lease, in the amount of $9,840.00. Brief for Appellants at 20, 22. The Robinsons assert that they timely made rent payments into escrow, in an amount determined by the MDJ, in accordance with 68 P.S. § 250-513(a)-(b). *Id.* at 20, 24. The Robinson point out that the trial court could have released the appropriate funds to Redland at any time. *See* Brief for Appellants at 21. The Robinsons argue that they timely tendered their rent payments into escrow. *Id.* According to the Robinsons, the manner in which tenants pay rent while a court case is pending is governed by statute. *Id.* at 22. The Robinsons point out that the entry of a judgment against them impacts their credit, and will make it difficult to secure future housing. *Id.* at 23.

Section 250.513 provides, in relevant part, as follows:

### § 250.513. Appeal by tenant to common pleas court

(a)    Every tenant who files an appeal to a court of common pleas of a judgment of the lower court involving an action under this act for the recovery of possession of real property or for rent due shall deposit with the prothonotary a sum equal to the amount of rent due **as determined by the lower court**….

(b)    Within ten days after the rendition of judgment by a lower court arising out of residential lease … either party may appeal to the court of common pleas, and **the appeal by the tenant shall operate as a *supersedeas* only if the tenant pays in cash or bond the amount of any judgment rendered by the lower court** … **and pays in cash any rent which becomes due during the court of common pleas proceedings** within ten days after the date each payment is due into an escrow account with the

- 11 -

> prothonotary or the *supersedeas* shall be summarily terminated.

68 P.S. § 250.513(a)-(b) (emphasis added).[4]

By its plain language,[5] the statute requires that the party appealing the judgment of the MDJ pay into escrow the rent due as determined by the MDJ, and any rent which becomes due during the appeal. **See id.** The rent payment is necessary to secure the *supersedeas*, but does not constitute a determination of all rent and fees owed by the lessee. Such determination is necessarily to be made by the common pleas court, after the trial *de novo*.

As observed by the trial court, the parties agreed, during trial, that the Robinsons owed $420.50 per month for "ground" rent. **See** Trial Court Opinion, 10/1/20, at 8. However, the parties disputed the amount of fees owed by the Robinsons, in addition to the ground rent. In its Opinion, the trial court found the Robinsons to be in breach of the Lease on two bases: (1) the failure to pay the late fees associated with the August 2018 rent, and (2) the

---

[4] "Upon application by the landlord, the court shall release appropriate sums from the escrow account on a continuing basis while the appeal is pending to compensate the landlord for the tenant's actual possession and use of the premises during the appeal." Pa.R.C.P.D.J. 1008(C)(6).

[5] In interpreting this statute, we must give effect to the legislature's intent and to all of the statute's provisions. 1 Pa.C.S.A. § 1921(a). The best indication of legislative intent is the plain language of the statute. **Matter of Private Sale of Prop. by Millcreek Twp. Sch. Dist.**, 185 A.3d 282, 290-91 (Pa. 2018).

failure to pay the full amount of rent and fees in December 2018, January 2019, April 2020, May 2020, and June 2020:

> While [the MDJ] assessed rent at only $420.50, which was the amount required to be paid into escrow in order to maintain the *supersedeas*, the [Robinsons] were not absolved from paying the additional fees owed to [Redland] that they assented to through their performance in paying rent for August through November 2018. In fact, [the Robinsons] repeatedly acknowledged that they owed $492.00 [(rent plus fees),] by way of their performance in paying that amount into the Prothonotary's escrow account **every other month** during the pendency of this action.

Trial Court Opinion 10/1/20, at 7 (emphasis added). Thus, the record supports the trial court's finding of a breach of the Lease, based upon the Robinsons' failure to tender the full amount owed to Redland.

In its Opinion, the trial court set forth several calculations of the total amount owed by the Robinsons to Redland, rent plus fees, as follows:

> A 19-month month-to-month tenancy occurred from the date of entry of the judgment to the day of trial (December 2018 through June 2020), resulting in $9,348.00 rent owed. At the time of trial, [the Robinsons] had paid $8,499.50 in rent, a deficit of $356.50. **If [the court takes] into consideration the $150.00 of rent in arrears paid to initiate the supersedeas, then [the Robinsons] have paid $9,141.50 in rent, leaving a deficit of $206.50.**
>
> This calculation does not, however, account for the rent owed in arrears. It gives [the Robinsons] "credit" for paying the amount owed in arrears, but it does not give [Redland] the benefit of acknowledging that there was rent owed in arrears, which [the trial court] found existed **because of [the Robinsons'] nonpayment of rent in August 2018, and failure to cure that breach.** If [the court was] to calculate the damages accounting for the rent owed in arrears, the court would] find that [Redland] would have been owed $9,484.00.[FN] Including the $150 in arrears, [the Robinsons], at the time of trial[,] had paid $9,141.50, leaving a deficit of $342.50.

- 13 -

[FN] $9348.00 in rent and $136.00 in arrears.

Trial Court Opinion, 10/1/20, at 8 (footnote in original, emphasis added).

As set forth above, Redland failed to establish the Robinsons' late payment of their August 2018 rent. Therefore, the late fees attributed to the August 2018 rent are not owed by the Robinsons, *i.e.*, $150.00. As the trial court calculated above, the Robinsons owed Redland rent plus fees, minus the $150.00 in late fees, in the amount of $9,348.00. The Robinsons paid into escrow $8,499.50. The Robinsons further paid into escrow the fees associated with the late payment of the August 2018 rent, $150.00, to initiate the *supersedeas*. As a result, record reflects that the Robinsons owed Redland $206.60 at the time of the verdict.

Consequently, we reverse the judgment of the trial court, and remand for entry of judgment in the amount of $206.60.

Judgment vacated. Case remanded for entry of Judgment in accordance with this Memorandum. Superior Court jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/25/2021

- 14 -